MICHAEL J. GARCIA
United States Attorney
Southern District of New York
By:   SARAH E. LIGHT
      BRIAN M. FELDMAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. Nos. (212) 637-2774, 2777
Fax. Nos. (212) 637-2686, 2717
Sarah.Light@usdoj.gov
Brian.Feldman@usdoj.gov

**'08 CIV 7194**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,  :

              Plaintiff,  :

   - against -  :

CVP I, LLC, DOWNTOWN  :
MANHATTAN RESIDENTIAL LLC,  :
CHRYSTIE VENTURE PARTNERS, LLC,  :
AVALON BAY COMMUNITIES, INC.,  :
and SLCE ARCHITECTS LLP,  :

             Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AUG 13 2008

ECF CASE

COMPLAINT

08 Civ. _____

Plaintiff United States of America (the "United States") alleges as follows:

1.   This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "Fair Housing Act" or the "Act"), 42 U.S.C. §§ 3601-3619. As set forth in full below, the United States alleges that the Defendants, the developers and architects of Avalon Chrystie Place, a residential apartment complex in Manhattan, have unlawfully discriminated against persons with disabilities under the Fair Housing Act by failing to

design and construct Avalon Chrystie Place so as to be accessible to persons with disabilities.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the claims alleged in this action arose in the Southern District of New York and concern or otherwise relate to real property located in this District.

## The Property

4. Avalon Chrystie Place is a residential apartment building located at 229 Chrystie Place in New York, New York. The complex consists of a tower with elevator access, and contains 361 dwelling units, as well as public and common use areas. In addition, the complex features a rooftop sundeck, a fitness center, a residents' lounge with pool table, and a Whole Foods supermarket on the ground floor.

5. The rental units at Avalon Chrystie Place are "dwellings" within the meaning of 42 U.S.C. § 3602(b) and "dwelling units" within the meaning of 24 C.F.R. § 100.201.

6. Avalon Chrystie Place was designed and constructed for first occupancy after March 13, 1991. All of the residential units are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7) and 24 C.F.R. § 100.201. The complex is subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(a), (c).

### The Defendants

7. CVP I, LLC, a Delaware limited liability company, Downtown Manhattan Residential LLC, a Delaware limited liability company, Chrystie Venture Partners, LLC, a Delaware limited liability company, and Avalon Bay Communities, Inc., a Maryland corporation, are the owners, and/or builders and developers of Avalon Chrystie Place, and, in those capacities, designed and constructed the complex.

8. SLCE Architects LLP is a New York limited liability partnership that drew the architectural plans for Avalon Chrystie Place and, in that capacity, designed and constructed the complex.

### Other Properties

9. Upon information and belief, the Defendants have designed and constructed other multifamily housing complexes for first occupancy after March 13, 1991, which are also subject to the Fair Housing Act's accessibility requirements.

### Fair Housing Act Claims

10. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-9 above.

11. Defendants violated 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(c) by failing to design and construct Avalon Chrystie Place in such a manner that:

    a. the public use and common use portions of the dwellings are readily accessible to and usable by persons with disabilities; and

    b. all premises within such dwellings contain the following features of adaptive design:

        i)     an accessible route into and through the dwelling;

        ii)    reinforcements in bathroom walls to allow later installation of grab bars; and

        iii)   useable kitchens and bathrooms, such that an individual using a wheelchair can maneuver about the space.

12. Defendants, through the actions and conduct referred to in the preceding paragraph, have:

    a. Discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to buyers or renters because of a disability, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a);

    b. Discriminated against persons in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b); and

    c. Failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205.

13. The conduct of Defendants described above constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; and/or

    b.    A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

14. Persons who may have been the victims of Defendants' discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i) and may have suffered injuries as a result of Defendants' conduct described above.

15. Defendants' discriminatory actions and conduct described above were intentional, willful, and taken in disregard for the rights of others.

## Prayer for Relief

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that the policies and practices of Defendants, as alleged in this complaint, violate the Fair Housing Act;

2. Enjoins Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

    a.    Failing or refusing to bring the dwelling units and public use and common use areas at Avalon Chrystie Place into compliance with 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205;

    b.    Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, persons harmed by Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct;

      c.      Designing and/or constructing any covered multifamily dwellings in the future that do not contain the accessibility and adaptability features required by 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205;

      d.      Failing or refusing to conduct a compliance survey at all covered multifamily dwellings designed and constructed by the Defendants to determine whether the retrofits ordered in paragraph 2(a) were made properly; and

      e.      Failing or refusing to retrofit the dwelling units and public and common use areas in these and other covered multifamily dwellings designed and constructed by the Defendants to bring them into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C);

3.      Awards appropriate monetary damages, pursuant to 42 U.S.C. § 3614(d)(1)(B), to each person harmed by Defendants' discriminatory conduct and practices; and

4.      Assesses a civil penalty against each Defendant in the maximum amount authorized by 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

                MICHAEL B. MUKASEY
                Attorney General of the United States

                *[signature]*
                LISA M. KRIGSTEN
                Acting Assistant Attorney General
                Civil Rights Division

                MICHAEL J. GARCIA
                United States Attorney

By: *[signature]*
                SARAH E. LIGHT
                BRIAN M. FELDMAN
                Assistant United States Attorneys
                86 Chambers Street, 3rd Floor
                New York, New York  10007
                Tel. Nos. (212) 637-2774, 2777
                Fax. Nos. (212) 637-2686, 2717
                Sarah.Light@usdoj.gov
                Brian.Feldman@usdoj.gov