UNITED STATES DISTRICT COURT  **ELECTRONICALLY FILED**
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                Case No.: 08 CIV 7194(SHS)

        -against-                **ANSWER**

CVP I, LLC, DOWNTOWN MANHATTAN
RESIDENTIAL LLC, CHRYSTIE VENTURE
PARTNERS, LLC, AVALON BAY
COMMUNITIES, INC., and SLCE ARCHITECTS LLP,

                Defendants.
------------------------------------------------------------------------X

      Defendant SLCE ARCHITECTS, LLP ("SLCE"), by its attorneys Milber Makris Plousadis & Seiden, LLP, as and for its answer to the Complaint alleges as follows upon information and belief:

    1.    SLCE denies any and all allegations as set forth in paragraph "1" of the Complaint.

    2.    SLCE denies any and all allegations as set forth in paragraph "2" of the Complaint, respectfully referring all questions of law to the Court for decision at the time of trial.

    3.    SLCE denies any and all allegations as set forth in paragraph "3" of the Complaint, respectfully referring all questions of law to the Court for decision at the time of trial.

    4.    SLCE denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

    5.    SLCE denies any and all allegations as set forth in paragraph "5" of the Complaint, respectfully referring all questions of law to the Court for decision at the time of trial.

    6.    SLCE denies any and all allegations as set forth in paragraph "6" of the Complaint, respectfully referring all questions of law to the Court for decision at the time of trial.

7. SLCE denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. SLCE denies any and all allegations as set forth in paragraph "8" of the Complaint, except admits that SLCE is an active limited liability partnership with an office in the City of New York, State of New York and that SLCE entered into an agreement and respectfully refers the Court to the agreement for its terms and conditions.

9. SLCE denies any and all allegations as set forth in paragraph "9" of the Complaint.

10. In response to paragraph "10" of the Complaint, SLCE repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "9," inclusive, of the Complaint with the same force and effect as though the same were set forth at length herein.

11. SLCE denies any and all allegations as set forth in paragraph "11" of the Complaint.

12. SLCE denies any and all allegations as set forth in paragraph "12" of the Complaint.

13. SLCE denies any and all allegations as set forth in paragraph "13" of the Complaint.

14. SLCE denies any and all allegations as set forth in paragraph "14" of the Complaint.

15. SLCE denies any and all allegations as set forth in paragraph "15" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. Plaintiff has failed to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred by any applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. Defendant SLCE has been improperly joined as defendant in this action as they neither own, control and/or manage the subject Property.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

19.     The Fair Housing Amendments Act of 1988 is unconstitutional, as it pertains to the design and construction of multi-family dwelling units (42 U.S.C. §3604(f)(3)(C)), as these provisions are vague, ambiguous and illusory, and do not contain sufficient construction guidelines and minimum design requirements to allow reasonable compliance thereto by builders, contractors, owners and design professionals of multifamily dwelling units.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

20.     Plaintiff's claims are barred as the subject Property was built in compliance with state and local building codes, and in reliance upon assurances of compliance from state and local building officials.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

21.     Any imposition of a civil penalty against defendant SLCE would be unwarranted, unreasonable under the circumstances, and not authorized by law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

22.     Plaintiff's claims are barred by the doctrine of laches.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

23.     Plaintiff's claims are barred by the doctrines of acquiescence, waiver and/or estoppels.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

24.     Plaintiff's efforts at enforcement of the Fair Housing Act against defendant SLCE is arbitrary and discriminatory, and subject to no specific standard of which defendant SLCE could reasonably by aware at the time of design.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25.     Defendant SLCE at all times exercised the skill, reasonable care and diligence usually exercised by architects in the relevant community.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

26.     Plaintiff may not have standing to bring this claim under 42 U.S.C.S. §3613 as it cannot meet the constitutional standing requirements: (1) injury in fact; (2) traceability; and (3) redressability.  *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 102 S. Ct. 752, 758, 70 I. Ed. 2nd 700 (1982).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27.     Defendant SLCE is not a proper party under the Fair Housing Act.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28.     Defendant SLCE acted in compliance with all statutory requirements to which it is required to adhere.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred to the extent that discrimination as defined by the statutes referenced in Plaintiff's complaint must be intentional and cannot be accidental or incidental.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are barred to the extent that Plaintiff has failed to set out a specific pattern and practice of discrimination.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

31.     Pursuant to 42 U.S.C. §3608(e), the Plaintiff, United States of America, and its agent, the Secretary of Housing and Urban Development had certain affirmative duties to ensure

compliance with the Fair Housing Act, including but not limited to cooperating with and rendering technical assistance to Federal, State, local, and other public or private agencies, organizations, and institutions and administering the programs and activities relating to housing and urban development in a manner affirmatively to further the policies of the Act.

Plaintiff did not take the appropriate affirmative steps necessary to ensure that builders, contractors, architects, and others in New York City knew the appropriate remedies and design plans necessary to comply with the Fair Housing Act. Since Plaintiff did not adequately render its affirmative duties to inform Defendants about these requirements, Defendants are not accountable for any alleged negligent breach of these requirements.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

32. The subject Property was built in compliance with New York Local Law 58 of 1987 and compliance with Local Law 58 of 1987 satisfies the requirements of both the Fair Housing Act and the associated regulations created by the Department of Housing and Urban Development.

SLCE reserves the right to include additional affirmative defenses of which it becomes aware through discovery and otherwise.

WHEREFORE, Defendant SLCE, having fully answered the Complaint, pray that the Court:

1. Dismiss the Complaint with prejudice;

2. Enter Judgment in favor of SLCE and an Order that the United States shall recover nothing;

3. Declare that the Fair Housing Accessibility Guidelines (56 Fed. Reg. 9497) are merely technical guidance and do not constitute binding legal requirements under the Fair Housing Act;

4. Declare that the provisions contained in the "Fair Housing Act Design Manual" of the United States (Department of Housing and Urban Development), issued August 1996 and Revised April 1998, are merely technical guidance and do not constitute binding legal requirements under the Fair Housing Act;

5. Award defendant SLCE the costs incurred to defend the Complaint including reasonable attorney's fees; and,

6. Award such other and further relief as the Court deems appropriate.

Dated: White Plains, New York
May 11, 2009

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**

By: ⎯⎯⎯⎯⎯⎯/s/⎯⎯⎯⎯⎯⎯
Christopher A. Albanese (CAA 0145)
Attorneys for Defendant
SLCE ARCHITECTS, LLP
3 Barker Avenue, 6th Floor
White Plains, New York 10601
(914) 681-8700
calbanese@milbermakris.com

TO: Michael J. Garcia
United States Attorney
Sarah E. Light
Brian M. Feldman
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2774, 2777

David E. Mollón, Esq.
Winston & Strawn, LLP
Attorneys for Defendants
CVP I, LLC, Downtown Manhattan Residential LLC,
Chrystie Venture Partners, LLC, and Avalon Bay Communities
200 Park Avenue
New York, New York 10168-4198
(212) 294-6700